UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA REDMOND | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-2671 |
| | * | |
| POSEIDON PERSONNEL SERVICES, S.A. | * | SECTION "L"(5) |
| and SOCIETE D'EXPLOITATION DU LORELAY, S.A. | * | |

**ORDER & REASONS**

Before the Court is defendant Poseidon Personnel Services, S.A.'s ("Poseidon") Motion to Review Magistrate Judge's Order Dated September 1, 2009 (Rec. Doc. 34). For the following reasons, Poseidon's Motion is now GRANTED IN PART and DENIED IN PART.

**I.      BACKGROUND**

This case arises out of an injury that occurred on or about August 15, 2007 while the Plaintiff, Joshua Redmond, was employed aboard the M/V LORELAY in the North Sea. Plaintiff filed suit alleging that he was a welder working aboard the M/V LORELAY as an employee of defendant Poseidon when he was injured during the course and scope of his employment. Plaintiff resides in the Eastern District of Louisiana. Poseidon is a Swiss entity and does not maintain an office or presence in Louisiana. Societe D'Exploitation du Lorelay, S.A. ("Societe") owns, operates and/or manages the M/V LORELAY. According to Plaintiff, the vessel was unable to maintain its position in rough seas and as a result he subsequently suffered severe and permanent injury to his back and other parts of his body. Plaintiff seeks damages pursuant to the Jones Act and general maritime law for physical pain and mental anguish, loss of wages and loss

1

of future earning capacity, past and future medical expenses, and permanent physical impairment and seeks maintenance and cure.

Plaintiff issued a Federal Rule of Civil Procedure 30(b)(6) Notice to Poseidon seeking the deposition of Poseidon's corporate representatives on August 11, 2009 in New Orleans, Louisiana. Poseidon objected to taking depositions in New Orleans, Louisiana on the basis that all of its corporate representatives and relevant documents are located in Europe. Accordingly, Poseidon filed a Motion to Quash and Motion for Protective Order requesting, among other things, that Poseidon's corporate representatives be deposed in Delft, the Netherlands, rather than New Orleans, Louisiana (Rec. Doc. 20). Magistrate Judge Alma Chasez conducted an oral hearing on Poseidon's Motion, giving due consideration to each party's position. Magistrate Judge Chasez issued an Order directing that "[t]he R.30(b)(6) deposition of Poseidon is to be taken via videoconferencing means with counsel to participate from their offices (Rec. Doc. 32)."

## II. PRESENT MOTION

Poseidon filed the present Motion to Review Magistrate Judge's Order Date September 1, 2009 (Rec. Doc. 34). Poseidon objects to the Magistrate Judge's Order insofar as it finds that the Rule 30(b)(6) deposition must be taken videoconferencing means with counsel to participate from their offices. First, Poseidon argues that it has a right to have counsel present during the Rule 30(b)(6) depositions, and that by ordering the depositions to proceed via videoconferencing with counsel to remain in their offices, the Magistrate's Order denies Poseidon this right. Poseidon supports this argument by noting that Plaintiff's deposition was taken in the presence of Plaintiff's counsel at Plaintiff's counsel's office in Houston, Texas. Accordingly, Poseidon

argues that it deserves to be given the same opportunity to have its counsel present when its corporate representatives are deposed. Further, Poseidon alleges that the portion of the Magistrate's Order directing the deposition to be conducted via videoconferencing "creates a dangerous precedent" by prohibiting a party's attorney from "faithfully and diligently performing its duty as counsel during cross-examination by an opposing party and is contrary to Fifth Circuit precedent." (Rec. Doc. 34). Second, Poseidon argues that the deposition should take place in the Netherlands, not in New Orleans, Louisiana, because the Netherlands is a central location in Europe where all the Poseidon corporate representatives relevant to the instant matter are located. In support, Poseidon cites *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979), which held that foreign corporations should be deposed where they reside. Further, Poseidon notes that the Plaintiff sought out and accepted employment with Poseidon, an international corporation, and chose to sue Poseidon, and as a result, Plaintiff should expect to depose Poseidon in its international location. Third, Poseidon requests that the Court, in the case that it decides to allow the Rule 30(b)(6) deposition to proceed by videoconference, allow Poseidon's counsel to attend the deposition in person and that the deposition begin early enough in the morning to accommodate the time zone difference.

Plaintiff has filed a Response opposing Poseidon's Motion (Rec. Doc. 40). First, Plaintiff notes that district courts are granted broad discretion in determining the location of depositions on a case-by-case basis. In line with this discretion, the Plaintiff claims that the Magistrate Judge weighed all the relevant factors, namely the relative wealth, expenses, and burdens of the parties, and properly concluded that Poseidon could choose between the following alternatives, (1) to bring its corporate representative to New Orleans, or (2) to have the

3

deposition take place in the Netherlands while requiring counsel to remain at their offices in the United States.  Plaintiff argues that Poseidon selected the latter option, and now that it is unhappy with its selection, it must take the alternative, have its corporate representatives deposed in New Orleans, Louisiana.

Second, Plaintiff argues that Poseidon's reliance on *Salter* which provides that foreign corporations should be deposed where they reside, is inapplicable in this case because (1) district courts are free to veer away from *Salter* on a case-by-case basis, (2) Poseidon does not reside in the Netherlands, and (3) Plaintiff did not choose to file suit against Poseidon in a U.S. court, rather this was the only venue available to pursue Plaintiff's Jones Act claim so Plaintiff should not be "punished" by being required to depose Poseidon in the Netherlands.

Third, Plaintiff argues that Poseidon's attempt to force Plaintiff to depose Poseidon's employees in the Netherlands violates the Federal Employers' Liability Act, 45 U.S.C. § 60 ("FELA"), which prohibits a Jones Act employer from engaging in any device that prevents a Jones Act seaman from obtaining information from any employee as to the facts incident to the seaman's injuries.  Plaintiff claims that the purpose of the FELA is to ensure that American seaman are treated fairly in light of the disparate standing between employer and employee.  Accordingly, Plaintiff argues that requiring Plaintiff to depose Poseidon in the Netherlands, in light of the fact that Plaintiff is injured and has no source of income, presents Plaintiff with the option of either incurring great expense to depose Poseidon in the Netherlands or foregoing the deposition of Poseidon.  Because neither option is consistent with the purpose of the FELA, Plaintiff urges the Court to uphold the Magistrate's decision.

## III.     LAW & ANALYSIS

**A.     Standard of Review**

A magistrate judge may hear and determine any pretrial matter pending before a district court. 28 U.S.C. § 636(b)(1)(A). A pretrial order of a magistrate judge under 28 USC § 636(b)(1)(A) regarding a nondispositive matter is reviewable by the district court under the "clearly erroneous and contrary to law standard." Fed. R. Civ. P. 72(a); *Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981).[1] Generally, matters concerning discovery are considered non-dispositive of the litigation. *Recinos-Recinos v. Express Forestry, Inc.*, 2006 U.S. Dist. LEXIS 84583 (E.D. La. Nov. 20, 2006). The party challenging the magistrate judge's action in a non-dispositive matter has the burden of "showing that the Magistrate's ruling was clearly erroneous or contrary to law." *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 244 F.R.D. 352, 354 (E.D. La. 2007); *Bradford v. A&P*, 2005 U.S. Dist. LEXIS 36464 (E.D. La. Nov. 15, 2005). Under the "clearly erroneous" standard, the district court can reverse the decision of the magistrate judge if, based "'on the entire evidence, [the district court] is left with a definite and firm conviction that a mistake has been committed.'" *See Benoit v. Nintendo of America*, 2001 U.S. Dist. LEXIS 20148 *3 (E.D. La. Nov. 28, 2001)(*citing United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**B.     Location of Deposition of Poseidon**

After considering the parties' arguments regarding where the Rule 30(b)(6) depositions of Poseidon's corporate representatives should take place, the Magistrate Judge gave Poseidon the option of either (1) bringing its corporate representatives to New Orleans, Louisiana for

---

[1]Although Poseidon initially sought *de novo* review of the Magistrate's Order (Rec. Doc. 34), in its Reply brief in support of its Motion (Rec. Doc. 44), Poseidon acknowledged that the proper standard of review is clearly erroneous or contrary to law.

depositions, or (2) conducting the deposition by teleconference in the Netherlands with all counsel to remain in their respective United States offices. Poseidon chose the latter option. Under the relevant standard of review, whether the Magistrate's decision is "clearly erroneous and contrary to law," the Court affirms the Magistrate's decision insofar as it orders the Rule 30(b)(6) deposition of Poseidon's corporate representative to take place in the Netherlands. The Court notes that the depositions at issue are Rule 30(b)(6) depositions and that the documents and persons relevant to these depositions are located in Europe; thus, for all practical purposes, depositions should be conducted nearest to where these documents and persons are located.

**C.     Deposition of Poseidon Via Videoconference**

Magistrate Judge Chasez ordered that "[t]he R.30(b)(6) deposition of Poseidon is to be taken via videoconferencing means with counsel to participate from their offices." (Rec. Doc. 32). Magistrate Chasez considered the relative wealth of the parties, and the expenses and burdens incurred by conducting depositions in the Netherlands in reaching the decision that the depositions of Poseidon are to take place via videoconferencing. Under the relevant standard of review, whether this decision is "clearly erroneous and contrary to law," the Court affirms the Magistrate's decision insofar as that the depositions of Poseidon are to be taken via videoconferencing. The Court finds that the use of videoconferencing will relieve Plaintiff of the costs associated with traveling to the Netherlands to depose Poseidon, while at the same time allow Poseidon to more easily coordinate the appropriate corporate representatives and relevant documents for the deposition.

**C.     Right to Have Counsel Present at Deposition**

Magistrate Judge Chasez ordered that "[t]he R.30(b)(6) deposition of Poseidon is to be taken via videoconferencing means with counsel to participate from their offices." (Rec. Doc. 32). Poseidon argues that it has a right to have counsel present during the Rule 30(b)(6) deposition and that by ordering counsel to remain in their offices in the United States during the deposition, the Magistrate's Order denies Poseidon this right. The Court agrees that, as a party to the litigation, Poseidon and its corporate representatives should be afforded the benefit of having their retained counsel present at the deposition. Denying Poseidon the opportunity to have its attorney present during the Rule 30(b)(6) deposition would inhibit defense counsels' duty to effectively and competently represent their foreign clients. Notably, the Plaintiff was allowed to have his attorney present at his deposition in Houston. Likewise, Poseidon should be accorded the same right to have its counsel present during its deposition. Accordingly, the Court finds that the Magistrate's Order is clearly erroneous insofar as it prohibits defendant from having its counsel present during the Rule 30(b)(6) deposition.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Poseidon's Motion to Review Magistrate Judge's Order Dated September 1, 2009 (Rec. Doc. 34) is GRANTED IN PART, as to defendant Poseidon's request that counsel be permitted to attend Rule 30(b)(6) deposition of Poseidon in person, and (2) that the Rule 30(b)(6) deposition of Poseidon take place in the Netherlands, and is DENIED IN PART as to Poseidon's request that the deposition take place in person, rather than by videoconferencing.

New Orleans, Louisiana, this 19th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE